```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DAVID GEORGE BRACE,**

                  **Petitioner,**

      v.                              CASE NO. 08-3201-RDR

**UNITED STATES OF AMERICA, et al.,**

                  **Respondents.**

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by an inmate incarcerated in the Federal Prison Camp in Leavenworth, Kansas. Having reviewed the petition, the court directs petitioner to show cause why this action should not be dismissed without prejudice because this court lacks jurisdiction under § 2241 to consider petitioner's claims.

Petitioner was convicted in 1996 in the Western District of Texas on money laundering charges. The Fifth Circuit Court of Appeals initially reversed the conviction, finding petitioner had been entrapped, but upon en banc review affirmed petitioner's conviction.[1] Petitioner thereafter sought relief under 28 U.S.C. § 2255 without success on allegations of ineffective assistance of counsel.[2] Petitioner filed a second § 2255 motion seeking relief

---

[1] U.S. v. Brace, 112 F.3d 802 (5th Cir. 1997)(conviction vacated),145 F.3d 247 (5th Cir.)(conviction affirmed)(*en banc*), *cert. denied*, 525 U.S. 973 (1998).

[2] Brace v. United States, Case No. 99-CV-01248-ECP (W.D. Tex.).

under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The district court dismissed that action without prejudice for lack of jurisdiction, noting petitioner's failure to obtain authorization from the Fifth Circuit Court of Appeals to proceed on a second or successive motion under 28 U.S.C. § 2255.[3]  Petitioner then sought habeas corpus relief in a petition filed under 28 U.S.C. § 2241 in the Eastern District of Texas which that court dismissed without prejudice for lack of jurisdiction under § 2241.[4]  This court dismissed without prejudice petitioner's subsequent attempt to seek habeas corpus relief under § 2241 on a petition asserting the same grounds in his previous § 2241 petition.[5]

In yet another § 2241 petition which initiated the filing of the present action, petitioner now contends his conviction rests on an erroneous interpretation of the money laundering statute as recently interpreted by the Supreme Court in <u>United States v. Santos</u>, 128.S.Ct.2020 (June 2, 2008).

As previously explained to petitioner, two avenues of post-conviction relief are generally available to a federal prisoner: a habeas corpus petition filed under 28 U.S.C. § 2241 to challenge the execution of a sentence, and a motion filed under 28 U.S.C. § 2255 to challenge the legality of the prisoner's detention or sentence. Unless it is determined to be inadequate or ineffective, a motion

---

[3] <u>Brace v. United States</u>, Case No. 05-CV-00484-WRF (W.D.Tex. June 23, 2005)

[4] <u>Brace v. FCI Warden, Texarkana, TX</u>, Case No. 05-CV-00184-DF-CMC (E.D.Tex. October 26, 2005).

[5] <u>Brace v. United States</u>, Case No. 07-3209-RDR. (D.Kan. April 16, 2008).

filed pursuant to 28 U.S.C. § 2255 is "[t]he exclusive remedy for testing the validity of a judgment and sentence." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1966). A prisoner may proceed under 28 U.S.C. § 2241 to test the legality of his confinement only if he first demonstrates the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to do so. *See* 28 U.S.C. § 2255; Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964). Petitioner's invocation of Santos is insufficient on its face to make any such showing, and fails to establish this court's jurisdiction to consider petitioner's claim.

Accordingly, the court directs petitioner to show cause why this action should not be dismissed without prejudice because this court has no jurisdiction under 28 U.S.C. § 2241 to consider petitioner's new allegation of error in his 1996 conviction. Petitioner is advised that the failure to file a timely response may result in the petition being dismissed for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days from the date of this order to show cause why the petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 should not be dismissed without prejudice for lack of jurisdiction.

DATED: This 29th day of August 2008, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

3